Jeffrey S. Whittington, Esq./SBN 236028
E-mail: jwhittington@kbrlaw.com
KAUFMAN BORGEEST & RYAN LLP
23975 Park Sorrento, Suite 370
Calabasas, CA 91302
Telephone: (818) 880-0992
Facsimile: (818) 880-0993

Attorneys for Defendant
AXIS SURPLUS INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EDWARD M. WEAVER, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>AXIS SURPLUS INSURANCE COMPANY, an Illinois corporation,<br><br>          Defendant. | Case No. 2:13-cv-06439-GW-RZ<br><br>**DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant, AXIS SURPLUS INSURANCE COMPANY, (hereinafter, "AXIS"), and answers Plaintiff EDWARD M. WEAVER's complaint on file herein (hereinafter, the "Complaint") as follows:

## THE PARTIES

1.    Answering paragraph 1, AXIS admits that Plaintiff was formerly a resident of the State of New York, that Plaintiff formerly served as president and chief executive officer of Multivend, LLC, that Multivend, LLC formerly had its principal place of business and only office in the State of New York, and that Multivend, LLC is a now-defunct vending machine sales company.  AXIS is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 1, and on that basis denies the remainder of the allegations contained therein, generally and specifically.

2.    Answering paragraph 2, AXIS admits that it is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in the State of Georgia, and that AXIS issued the insurance policy that is the subject of the above-captioned action.  AXIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 with respect to Plaintiff's knowledge regarding AXIS's business operations, and, on that basis, denies the remainder of the allegations contained therein, generally and specifically.

## JURISDICTION AND VENUE

3.    Answering paragraph 3, to the extent that paragraph 3 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

Court, AXIS is not required to admit or deny the same. AXIS admits that it is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in the State of Georgia. AXIS is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 3, and on that basis denies the remainder of the allegations contained therein, generally and specifically.

4. Answering paragraph 4, to the extent that paragraph 4 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies that the insurance policy that is the subject of the above-captioned action was entered into in California. AXIS is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 4, and on that basis denies the remainder of the allegations contained therein, generally and specifically.

5. Answering paragraph 5, to the extent that paragraph 5 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and all of Plaintiff's characterizations of the Policy contained in paragraph 5 and respectfully refers the Court to the Policy, the language of which speaks for itself. AXIS denies any and all remaining allegations contained in paragraph 5.

6. Answering paragraph 6, to the extent that paragraph 6 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and all remaining allegations contained in paragraph 6, except admits that AXIS does not have its principal place of business in the State of California.

## GENERAL ALLEGATIONS

7. Answering paragraph 7, AXIS admits that, in 2010, it issued a Privatus Policy Number ENN588818 (the "Policy") to Multivend, LLC effective for the policy period of February 20, 2010 to February 20, 2011, and that the end of the policy period was subsequently extended to February 20, 2014, by virtue of the addition of an Endorsement to the Policy with an effective date of February 20, 2011. AXIS denies that the document attached to the Complaint as Exhibit "A" reflects a true and accurate copy of the Policy.

8. Answering paragraph 8, to the extent that paragraph 8 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS admits that, subject to all other terms, conditions, limitations, exclusions and Endorsements of the Policy, Multivend, LLC, Plaintiff, and Lawrence A. Kaplan, Scott M. Doumas, Mark Benowitz, Richard R. Goldberg, Richard Linick, Paul E. Raia and Howard S. Strauss are each an "Insured" under the Policy. AXIS denies any and all of

Plaintiff's characterizations of the Policy contained in paragraph 8 and respectfully refers the Court to the Policy, the language of which speaks for itself. AXIS denies any and all remaining allegations contained in paragraph 8.

9. Answering paragraph 9, AXIS denies any and all of Plaintiff's characterizations of the Policy contained in paragraph 9 and respectfully refers the Court to the Policy, the language of which speaks for itself. AXIS denies any and all remaining allegations contained in paragraph 9.

10. Answering paragraph 10, AXIS admits that an indictment (the "Indictment") filed on October 2, 2012 was unsealed in the United States District Court for the Southern District of Florida on or about October 10, 2012, that Plaintiff and others were named as defendants in the Indictment, and that Exhibit "B" to the Complaint is an accurate copy of the Indictment. AXIS denies any and all of Plaintiff's characterizations of the Indictment contained in paragraph 10 and respectfully refers the Court to the Indictment, which speaks for itself. AXIS denies any and all remaining allegations contained in paragraph 10.

11. Answering paragraph 11, to the extent that paragraph 11 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies the allegations contained in paragraph 11, except admits that Exhibit "C" to the Complaint is an accurate copy of a letter dated October 25, 2012 that AXIS

received from Jenner & Block LLP. AXIS denies that Plaintiff tendered the Indictment to AXIS for a defense "[o]n or about October 25, 2012," and further denies that Exhibit "C" to the Complaint contains a "tender letter."

12. Answering paragraph 12, to the extent that paragraph 12 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS admits that it denied coverage for the Indictment, admits that Exhibit "D" to the Complaint is an accurate copy of a letter dated December 11, 2012 that counsel acting on behalf of AXIS sent to Plaintiff through his counsel, Martin J. Auerbach, Esq. (among other recipients), and admits that Exhibit "E" to the Complaint is an accurate copy of a letter dated November 26, 2007 that the Securities Division of the Office of the Attorney General of Maryland (the "Maryland AG") sent to Multivend, LLC and Plaintiff in particular. AXIS denies any and all of Plaintiff's characterizations of AXIS's December 11, 2012 letter and/or the Maryland AG's November 26, 2007 letter, contained in paragraph 12 and respectfully refers the court to the contents of those letters, which speak for themselves. AXIS denies any and all remaining allegations contained in paragraph 12.

13. Answering paragraph 13, to the extent that paragraph 13 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

all of Plaintiff's characterizations of AXIS's December 11, 2012 letter, contained in paragraph 13 and respectfully refers the court to the contents of that letter, which speaks for itself. AXIS further denies any and all of Plaintiff's characterizations of the Policy contained in paragraph 13 and respectfully refers the Court to the Policy, the language of which speaks for itself. AXIS denies any and all remaining allegations contained in paragraph 13.

14. Answering paragraph 14, to the extent that paragraph 14 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and all of Plaintiff's characterizations of AXIS's December 11, 2012 letter contained in paragraph 14 and respectfully refers the Court to the contents of that letter, which speaks for itself. AXIS further denies any and all of Plaintiff's characterizations of the Policy contained in paragraph 14 and respectfully refers the Court to the Policy, the language of which speaks for itself. AXIS denies any and all remaining allegations contained in paragraph 14.

15. Answering paragraph 15, to the extent that paragraph 15 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS admits that Exhibit "F" to the Complaint is an accurate copy of a letter dated January 18, 2013, that counsel acting on behalf of Plaintiff sent to AXIS through its counsel in

response to AXIS's December 11, 2012 letter. AXIS denies any and all of Plaintiff's characterizations of his counsel's January 18, 2013 letter contained in paragraph 15 and respectfully refers the Court to the contents of that letter, which speaks for itself. AXIS denies any and all remaining allegations contained in paragraph 15.

16. Answering paragraph 16, to the extent that paragraph 16 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and all of Plaintiff's characterizations of his counsel's January 18, 2013 letter, AXIS's December 11, 2011 letter, and the Maryland AG's November 26, 2007 letter contained in paragraph 16 and respectfully refers the court to the contents of those letters, which speak for themselves. AXIS denies any and all remaining allegations contained in paragraph 16.

17. Answering paragraph 17, to the extent that paragraph 17 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS admits that Exhibit "G" to the Complaint is an accurate copy of a letter dated January 18, 2013 that counsel acting on behalf of AXIS sent to Plaintiff through his counsel (among others) in response to prior correspondence that AXIS received from Plaintiff's counsel and others. AXIS denies any and all of Plaintiff's characterizations of

AXIS's January 18, 2013 letter contained in paragraph 17 and respectfully refers the Court to the contents of that letter, which speaks for itself. AXIS denies any and all remaining allegations contained in paragraph 17.

18. Answering paragraph 18, to the extent that paragraph 18 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and all of Plaintiff's characterizations of Plaintiff's counsel's January 18, 2013 letter, the Maryland AG's November 26, 2007 letter, and AXIS December 11, 2012 and February 19, 2013 letters contained in paragraph 18 and respectfully refers the Court to the contents of those letters, which speak for themselves. AXIS denies any and all remaining allegations contained in paragraph 18.

19. Answering paragraph 19, to the extent that paragraph 19 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and all of Plaintiff's characterizations of Plaintiff's counsel's January 18, 2013 letter and the Maryland AG's November 26, 2007 letter contained in paragraph 20 and respectfully refers the Court to the contents of those letters, which speak for themselves. AXIS denies any and all remaining allegations contained in paragraph 19.

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

20. Answering paragraph 20, to the extent that paragraph 20 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and all of Plaintiff's characterizations of Plaintiff's counsel's January 18, 2013 letter and the Maryland AG's November 26, 2007 letter contained in paragraph 20 and respectfully refers the Court to the contents of those letters, which speak for themselves. AXIS denies any and all remaining allegations contained in paragraph 20.

21. Answering paragraph 21, to the extent that paragraph 21 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and all of Plaintiff's characterizations of Plaintiff's counsel's January 18, 2013 letter, AXIS's December 11, 2012 letter and the Maryland AG's November 26, 2007 letter contained in paragraph 21 and respectfully refers the Court to the contents of those letters, which speak for themselves. AXIS denies any and all remaining allegations contained in paragraph 21.

22. Answering paragraph 22, to the extent that paragraph 22 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS denies any and all of Plaintiff's characterizations of the Policy contained in paragraph 22 and

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

respectfully refers the Court to the Policy, the language of which speaks for itself. AXIS further denies any and all of Plaintiff's characterizations of Plaintiff's counsel's January 18, 2013 letter, and AXIS's December 11, 2012 and February 19, 2013 letters contained in paragraph 22, and respectfully refers the Court to the contents of those letters, which speak for themselves. AXIS denies any and all remaining allegations contained in paragraph 22.

23. Answering paragraph 23, AXIS denies any and all of Plaintiff's characterizations of AXIS's February 19, 2013 letter contained in paragraph 23 and respectfully refers the Court to the contents of that letter, which speaks for itself. AXIS admits that it has denied coverage to Plaintiff and Lawrence Kaplan, Scott Doumas, Mark Benowitz, Richard Goldberg, Richard Linick, Paul Raia and Howard Strauss for the Indictment. AXIS denies any and all remaining allegations contained in paragraph 23.

## FIRST CAUSE OF ACTION

### (BREACH OF INSURANCE CONTRACT – DUTY TO DEFEND)

24. Answering paragraph 24, to the extent that paragraph 24 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS repeats, re-alleges and incorporates by reference paragraphs 1 through 23 of this Answer as if fully set forth at length herein.

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

25. Answering paragraph 25, to the extent that paragraph 25 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS admits that it issued an insurance Policy to Multivend, LLC, and that, subject to all other terms, conditions, limitations, exclusions and Endorsements of the Policy, Plaintiff is an "Insured Individual" under that Policy. AXIS is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 25, and on that basis denies the remainder of the allegations contained therein, generally and specifically.

26. Answering paragraph 26, to the extent that paragraph 26 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. AXIS admits that Plaintiff has sought coverage under the Policy for the Indictment. AXIS is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 26, and on that basis denies the remainder of the allegations contained therein, generally and specifically.

27. Answering paragraph 27, AXIS contends that paragraph 27 consists of legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court to which no response is required. To the extent that any response is required, AXIS denies that it has any coverage obligations, whether to defend

Plaintiff or otherwise, with respect to the Indictment, and AXIS further denies that it ever received a letter dated October 25, 2013 sent by Plaintiff or any legal representative of Plaintiff. AXIS denies any and all remaining allegations contained in paragraph 27.

28. Answering paragraph 28, AXIS contends that paragraph 28 consists of legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court to which no response is required. To the extent that any response is required, AXIS denies each and every allegation contained in paragraph 28.

29. Answering paragraph 29, AXIS contends that paragraph 29 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court to which no response is required. To the extent that any response is required, AXIS denies each and every allegation contained in paragraph 29.

## SECOND CAUSE OF ACTION

## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – INSURANCE BAD FAITH)

30. Answering paragraph 30, to the extent that paragraph 30 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. To the extent that any response is required, AXIS repeats, re-alleges and incorporates by reference paragraphs 1 through 29 of this Answer as if fully set forth at length herein.

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

31.     Answering paragraph 31, to the extent that paragraph 31 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same.  AXIS admits that it issued an insurance Policy to Multivend, LLC, and that, subject to all other terms, conditions, limitations, exclusions and Endorsements of the Policy, Plaintiff is an "Insured Individual" under that Policy.  AXIS is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 31, and on that basis denies the remainder of the allegations contained therein, generally and specifically.

32.     Answering paragraph 32, to the extent that paragraph 32 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same.  AXIS admits that Plaintiff has sought coverage under the Policy for the Indictment.  AXIS is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 32, and on that basis denies the remainder of the allegations contained therein, generally and specifically.

33.     Answering paragraph 33, AXIS contends that paragraph 33 consists of legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court to which no response is required.  To the extent that any response is required, AXIS denies that it has any coverage obligations, whether to defend

Plaintiff or otherwise, with respect to the Indictment, and AXIS further denies that it ever received a letter dated October 25, 2013 sent by Plaintiff or any legal representative of Plaintiff. AXIS denies any and all remaining allegations contained in paragraph 33.

34. Answering paragraph 34, AXIS contends that paragraph 34 consists of legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court to which no response is required. To the extent that any response is required, AXIS denies each and every allegation contained in paragraph 34.

35. Answering paragraph 35, AXIS contends that paragraph 35 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court to which no response is required. To the extent that any response is required, AXIS denies each and every allegation contained in paragraph 35.

### THIRD CAUSE OF ACTION

### (DECLARATORY RELIEF)

36. Answering paragraph 36, to the extent that paragraph 36 contains legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court, AXIS is not required to admit or deny the same. To the extent that any response is required, AXIS repeats, re-alleges and incorporates by reference paragraphs 1 through 35 of this Answer as if fully set forth at length herein.

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

37. Answering paragraph 37, AXIS contends that paragraph 37 consists of legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court to which no response is required. To the extent that any response is required, AXIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and on that basis denies each and every allegation contained therein, generally and specifically.

38. Answering paragraph 38, AXIS contends that paragraph 38 consists of legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court to which no response is required. To the extent that any response is required, AXIS denies each and every allegation contained in paragraph 38.

39. Answering paragraph 39, AXIS contends that paragraph 39 consists of legal conclusions, questions of fact for the trier of fact and/or questions of law for the Court to which no response is required. To the extent that any response is required, AXIS denies each and every allegation contained in paragraph 39.

## **PRAYER FOR RELIEF**

## **FIRST CAUSE OF ACTION**

### **(BREACH OF INSURANCE CONTRACT – DUTY TO DEFEND)**

40. AXIS denies that Plaintiff is entitled to any relief whatsoever under any cause of action against AXIS and on that basis denies the prayer for relief including, but not limited to, paragraphs 1 through 4.

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

## SECOND CAUSE OF ACTION

## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR

## DEALING – INSURANCE BAD FAITH)

41.     AXIS denies that Plaintiff is entitled to any relief whatsoever under any cause of action against AXIS and on that basis denies the prayer for relief including, but not limited to, paragraphs 1 through 6.

## THIRD CAUSE OF ACTION

## (DECLARATORY RELIEF)

42.     AXIS denies that Plaintiff is entitled to any relief whatsoever under any cause of action against AXIS and on that basis denies the prayer for relief including, but not limited to, paragraphs 1 through 5.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

43.     AXIS sets forth its separate and distinct defenses to apprise Plaintiff of certain potentially applicable defenses to any and all claims.  AXIS reserves the right to add or remove any affirmative defenses to Plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44.     Plaintiff's Complaint fails to state a claim against AXIS upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

45.     Plaintiff's claims are barred, in whole or in part, by the terms, conditions, endorsements and exclusions of the Policy, and by application of law and principles of equity.  AXIS hereby expressly gives notice of and reserves the right to rely upon all the terms, conditions, endorsements and exclusions of the Policy to deny or limit coverage on additional or different grounds as discovery reveals.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46.     Plaintiff's claims should be dismissed because Plaintiff has failed to perform all of the obligations of the Insured under the insurance policy or policies, and the terms and conditions precedent to coverage expressed therein, and/or to fully comply with the insurance policy or policies, including but not limited to the Insured's obligations as to notice, assistance, consent and cooperation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47.     Plaintiff is equitably estopped from obtaining coverage, claiming any right for damages or any relief against AXIS based on Plaintiff's own conduct which AXIS relied on to its detriment.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48.     All claims made by Plaintiff are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49.     Plaintiff has failed to join an indispensible party or parties.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50.     All claims made by Plaintiff are barred in whole or in part by the equitable doctrine of laches.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

51.     All claims made by Plaintiff are barred in whole or in part by the equitable doctrine of unclean hands.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52.     By its acts and omissions, Plaintiff has waived any and all rights at issue in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53.     All claims, in whole or in part, are barred by the doctrine of res judicata.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

54.     Plaintiff's conduct materially increased AXIS's risk in violation of the terms, conditions, limitations and exclusions in the insurance policy and/or policies issued by AXIS.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

55.     The Plaintiff's rights and claims, if any, are barred by negligent and/or fraudulent misrepresentations that AXIS relied upon to its detriment.

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

56.     Plaintiff's    claims    are    barred    because    the    underlying Indictment/criminal action does not constitute a Claim first made during the Policy Period as required by the relevant Insuring Agreement of the Policy.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

57.     Plaintiff's    claims    are    barred    because    the    underlying Indictment/criminal action is otherwise wholly-excluded from coverage pursuant to the Exclusion set forth at Section IV.A.2. of the Policy.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

58.     Plaintiff's claims are barred, in whole or in part, by other and additional terms, conditions, limitations and exclusions in the Policy including, but not limited to the following:

    a.      The Insuring Agreement set forth at Section I.(A) of the Policy;

    b.      The Exclusion set forth at Section IV.A.5.a. of the Policy, as amended by Endorsement No. 1;

    c.      The Exclusion set forth at Section IV.A.5.b. of the Policy, as amended by Endorsement No. 1;

    d.      Section VIII.D. of the Policy, entitled "Other Insurance"; and/or

    e.      The "Loss" definition at Section III.A.7. of the Policy, which provides that the Policy does not provide coverage for, among

other things, fines, penalties, and matters uninsurable under the law pursuant to which this Policy shall be construed.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

59.     AXIS did not breach any obligation allegedly owed to Plaintiff.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

60.     Plaintiff has failed to mitigate its damages.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

61.     In the event that liability is entered against AXIS, AXIS is entitled to a set off for any uncovered claims and/or for amounts sought in this action which have been or will be collected from any other source.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff's claims are barred or limited under the known loss, moral hazard, loss in progress, and/or fortuity doctrines.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

63.     AXIS is not liable for monetary obligations assumed or voluntarily paid by Plaintiff.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

64.     AXIS is not responsible for the Plaintiff's attorneys' fees and costs incurred in bringing this Complaint.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT

65.     AXIS reserves the right to plead additional affirmative defenses which may arise upon receiving additional information regarding the matters alleged in the Complaint, through discovery or otherwise.

**WHEREFORE**, Defendant AXIS respectfully requests that this Court enter judgment as follows:

1.     Dismissing Plaintiff's Complaint;

2.     Granting to the Defendant all costs, expenses, and disbursements resulting from this litigation, including attorneys' fees; and

3.     Awarding such other and further relief as this Court deems just, necessary, and proper.


Respectfully submitted,

DATED:  October 18, 2013          KAUFMAN BORGEEST & RYAN LLP

                                  By:     /s/ Jeffrey S. Whittington

                                  JEFFREY S. WITTINGTON, ESQ.

                                  Attorneys for Defendant

                                  AXIS SURPLUS INSURANCE COMPANY

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION**

I declare as follows:

     I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 23975 Park Sorrento, Suite 370, Calabasas, California 91302. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

     On October 18, 2013, I served a true and correct copy, with all exhibits, of the following document(s) described as follows:

**DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

[x]    via service through the CM/ECF system. *(eService)*

| **Ezra D Landes** | **James W Spertus** |
|---|---|
| Spertus, Landes & Umhofer, LLP | Spertus, Landes & Umhofer, LLP |
| 1990 South Bundy Dr., Suite 705 | 1990 South Bundy Dr., Suite 705 |
| Los Angeles, CA 90025 | Los Angeles, CA 90025 |
| ezra@spertuslaw.com | jim@spertuslaw.com, |
| | suzie@spertuslaw.com |

**Matthew Donald Umhofer**
Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
matthew@spertuslaw.com
suzie@spertuslaw.com;
chris@spertuslaw.com

     I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 18, 2013, at Calabasas, California.

By: __/s/ Sharyn Waldrop_____      By: _____Sharyn Waldrop___
    Signature of Declarant           Name of Declarant

DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT